**COMMERCIAL BUILDING & LOAN CO v PORTSMOUTH (city) et**

Ohio Appeals, 4th Dist, Scioto Co

Decided May 17, 1932

S. Anselm Skelton, Portsmouth, for plaintiff.

W. L. Dickey, City Solicitor, and Aronhold Schapiro, Assistant City Solicitor, Portsmouth, for defendants.

### MIDDLETON, J.

Under the foregoing facts we are constrained to hold that the obligations assumed by Radcliff are not enforcible against the plaintiff. Radcliff was only a joint owner of the land with Paul E. Radcliff, and as a co-tenant he could not and did not impose on the land any enforcible lien against the interests of Paul E. Radcliff and, of course, of the grantee of Paul E. Radcliff.

A further determinative fact in this case, and the most favorable interpretation to the city that may be given to this instrument, is that it is a petition of the subscribers for the improvement of Harding Avenue and an agreement on their part that council should act as specified therein in respect to the subscribers' rights, and that such petition was never accepted by the city. The best evidence of this last fact is that in making the assessment it does not appear that the city made any difference in the rate assessed as between the subscribers to the contract and the property owners who did not sign the same. The ordinance providing for the assessment specified only one rate for all. By reason of these facts we think it is apparent that the petition was not accepted by the city and that the city never regarded the signers thereof as having any relation to the improvement different from that of any other abutting land owner, and that this instrument never became a binding obligation on the part of the signers.

It is contended, however, by the city that under the doctrine of the case of **Village of Bernard v Kemper et, 60 Oh St 244**, the plaintiff is estopped from claiming any reduction of the assessments herein. That case, however, can have no application to the instant case for the reasons heretofore stated. We do not question the right and power of a mortgagor who holds the legal title to sign a petition under favor of §3836 GC and by so doing make the mortgaged property subject to all assessments legally made in accordance with the provisions of said section. As before observed, in the instant case we find that the assessments were not made under favor of §3836 GC, aforesaid, and that by reason of that fact such assessments are controlled by the general provisions of the code in respect to such matters. Moreover, as we have heretofore pointed out, one of the owners of the land involved did not sign the petition and in consequence of that fact his interest in the land went to the plaintiff free from any assessment that might have been authorized by the written petition or proposal in evidence.

We conclude that under the foregoing facts the city in this case is confined to an assessment not to exceed the sum of $1,833.34, that being one third of the established value of the land after the improvements. An injunction will therefore be allowed restraining the city from assessing the land in excess of that amount.

Decree for plaintiff.

MAUCK, PJ, and BLOSSER, J, concur.